IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Talese Reed,<br><br>　　　　　Plaintiff,<br>vs.<br><br>OTO Development, Cassandra Burton,<br>St. Patrick Wilks<br><br>　　　　　Defendant. | Civil Action No.: 2:24-CV-6019-DCN-MGB<br><br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The above-named Plaintiff, complains of the acts of the Defendant named above and states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Talese Reed ("Plaintiff"), is a resident and citizen of the County of Charleston, State of South Carolina.

2. Upon information and belief, the Defendant OTO Development, LLC, ("Defendant" or the "Hotel") is a limited liability company incorporated in the state of Delaware. Defendant does business and maintains an office and agents in the County of Charleston, State of South Carolina.

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e ("Title VII").

4. Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in the district, Defendant does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

5.      Defendant is an employer with fifteen (15) or more employees and otherwise subject to Title VII.

6.      Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging sex-based discrimination, hostile work environment, and retaliation.

7.      On or about September 24, 2024, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

8.      That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

9.      Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

10.     Defendant is a for-profit organization in the business of owning and managing hotels, namely the "Home2Suites by Hilton" hotel located at 1650 Janes Nelson Road in Mt. Pleasant, South Carolina (the "Hotel").

11.     In or about December 2022, Plaintiff, a female, was hired by Defendant as a Lead Front Desk Associate and Sales Coordinator at the Hotel.

12.     As an employee of Defendant, Plaintiff, among other duties, was responsible for organizing and assisting Hotel guests with reservations, room sales, check-in, check-out, assisting staff, collecting payments, and other customer service and guest relations activities.

13.     During her employment with Defendant, Plaintiff's direct supervisor was Cassandra Burton ("Burton").

14.     Defendant has policies and procedures to include a written "code of conduct" with respect to how employees should conduct themselves at work. Defendant's policies prohibit employees from

engaging in sexual harassment and sex-based discrimination. Defendant's policies also prohibit retaliation for reporting sex-based discrimination.

15.    Pursuant to Defendant's policies, employees are permitted to report instances of discrimination, harassment, and retaliation to their direct supervisor.

16.    Although Defendant had policies prohibiting sex-based discrimination and harassment, it did not have or provide adequate procedures for employees at the Hotel to report instances of discrimination, harassment, or hostile work environment.

17.    In or about February 2023, Defendant hired St. Patrick Wilks ("Wilks") to work at the Hotel in the housekeeping department.

18.    During Plaintiff's employment with Defendant, she would work at the Hotel with Wilks at the same time and location.

19.    Shortly after Wilks' hire, he began engaging in acts of sexual harassment against Plaintiff and other employees.

20.    By way of example, in or around March 2023 and while working at the Hotel, Wilks would make lewd and unwanted statements to Plaintiff. These statements included, but were not limited to the following:

- "I sure wouldn't mind putting a baby in you."
- "You are fine as fuck."
- "I want to stick my dick in you."
- "I would fuck the shit out of you."
- "I want to put my mandingo[1] up in you."

21.    During Plaintiff's employment with Defendant, Wilks would intentionally rub his body against Plaintiff in a sexually suggestive manner and smell her neck and hair, sometimes while making the comments mentioned above (or similar sexually suggestive comments).

22.    When Wilks engaged in these behaviors, Plaintiff immediately expressed her objection to

---

[1] Upon information and belief, "mandingo" is a slang term used to refer to one's penis.

3

his actions, told him they were unwelcome, ordered him to stop, move away, and/or to leave her alone.

23.     In or about March of 2023, Plaintiff reported Mr. Wilks' behavior to Burton, her immediate supervisor. Burton ignored Plaintiff's report and did not address Mr. Wilks' behavior.

24.     After Plaintiff reported Wilks' behavior to Burton, Plaintiff was subjected to retaliation by Wilkes and Burton. This retaliation included, but was not limited to, Wilks being allowed to increase his sexual attacks on Plaintiff privately and in front of others, including Burton.

25.     By way of example, after Plaintiff's report to Burton, Wilks's lewd and unwanted sexual comments increased in frequency and intensity, and it became apparent Wilks sought out opportunities to engage in further sexual harassment of Plaintiff and others.

26.     By way of further example of retaliation, Plaintiff's job duties were modified, and she was denied promotions.

27.     Plaintiff was also subject to further retaliation discrimination and a hostile work environment while working at the Hotel. Subsequent to her complaints of sexual harassment to Burton, Wilkes approached Plaintiff when she was sitting in a chair at work raised one of his legs and placed his crotch in her face. Wilks began thrusting his hips and acting as if he was receiving oral sex from Plaintiff. When this occurred, Plaintiff pushed Wilks away from her and immediately reported the incident to Burton.

28.     Burton did nothing to address Wilks' actions and, without investigation, denied the incident occurred.

29.     In or around May 2023, Plaintiff was in her office eating lunch when Wilks approached her and tried to forcefully kiss Plaintiff by grabbing her head and bringing it to his face. Plaintiff reacted by stomping as hard as she could on Wilks' foot and running out of the office.

30.     Plaintiff again reported this incident to Burton who refused to address the incident.

31.    In September 2023, Plaintiff learned Defendant's regional human resources manager, Suzzanne McClendon ("McClendon") was going to visit the Hotel. Plaintiff met with McClendon and reported Mr. Wilks' actions.

32.    After making the report to Ms. McClendon, Burton further intensified her campaign of retaliation against Plaintiff. Burton began scheduling Plaintiff to work on days Burton knew Plaintiff was not available. Burton would also ensure she scheduled Plaintiff to work on the same days as Wilkes and during the same times, more so than usual.

33.    Subsequent to Plaintiff's complaint to McClendon, Mr. Wilks' behavior continued and became more aggressive. For example, Wilks bragged to Plaintiff and others that he is "untouchable" and that "bitches at the job were trying to get [him]" in an effort to intimidate Plaintiff.

34.    Plaintiff reported these additional actions to Ms. McClendon who did nothing to address the matter.

35.    Plaintiff feared further harassment and retaliation by Defendant, and in October 2023, she resigned her position with Defendant.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII DISCRIMINATION BASED ON SEX

36.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

37.    Plaintiff, as a female, is a member of a protected class under Title VII.

38.    Throughout her employment with Defendant, Plaintiff was qualified for her position and was performing her job satisfactorily.

39.    Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, modification of her work schedule, being denied promotions, being denied interviews for promotions, and her constructive discharge of employment with

Defendant.

40.     By way of further adverse employment action, Defendant allowed and encouraged Wilks to sexually harass and assault Plaintiff.

41.     Plaintiff's treatment was different from similarly situated persons outside her protected class.

42.     Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment, and otherwise caused Plaintiff severe psychological and physical harm.

43.     Plaintiff, on numerous occasions, complained to Defendant about the above-described sex-based discrimination, harassment, and hostile work environment and Defendant was on notice that it was occurring.

44.     Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant continued to subject Plaintiff to race-based discrimination in violation of Title VII.

45.     Defendant failed to put in place proper procedures for employees at the Hotel to report instances of discrimination, harassment, or hostile work environment.

46.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

47.     That the Defendant's actions as set forth above were undertaken intentionally, willfully,

wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A SECOND CAUSE OF ACTION:<br>VIOLATION OF TITLE VII RETALIATION

48.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

49.     As alleged above, Plaintiff complained to Defendant on several occasions that she was being subjected to discrimination and retaliation based upon her sex.

50.     That Plaintiff's complaints were made in good faith and constitute protected activity under Title VII.

51.     In retaliation for making complaints about sex-based discrimination and harassment, Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

52.     Subsequent to and in retaliation for Plaintiff making complaints, Defendant created and allowed the work environment to be so hostile that no person could have withstood such treatment. Said retaliatory treatment included Defendant knowingly allowing Plaintiff to be subjected to further harassment, modification of her work schedule, refusal to properly investigate Plaintiff's claims of harassment, and the constructive discharge of her employment.

53.     Subsequent to and in retaliation for Plaintiff making complaints, Defendant refused to promote Plaintiff to another position within Defendant's company.

54.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

55. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

56. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

57. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendant and its agents.

58. The harassment and hostile environment Plaintiff was subjected to was based on her sex.

59. Plaintiff was subject to additional harassment and a hostile work environment because she made complaints about discrimination and retaliation.

60. The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendant knew about, created, cultivated, and allowed the work environment to be hostile in an effort to force Plaintiff to resign. Defendant knew or should have reasonably known Plaintiff was encountering sexual harassment by Wilkes and Plaintiff's supervisor allowed and encouraged said behavior.

61. Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

62. Specifically, Burton, as an agent and employee of Defendant, purposefully ignored and encouraged the abusive actions Wilks directed towards Plaintiff.

63. Further, Burton modified the terms and conditions of Plaintiff's employment by changing Plaintiff's schedule to work with Wilks and also forced Plaintiff to work on days she knew Plaintiff was unavailable.

64. Further, McClendon, as an agent and employee of Defendant, knew, or should have reasonably known, of the ongoing harassment and Burton's encouragement of Wilks' behavior, however, McClendon did nothing to stop the ongoing harassment Plaintiff was enduring at the hands of Wilks.

65. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

66. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR A FOURTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

68. Burton, in her individual capacity and as an agent of Defendant, intentionally and recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from their conduct.

69. Burton knew of Wilks' actions and, due to her own personal relationship with Wilks, allowed and encouraged Plaintiff to be harassed, assaulted, and a victim of battery at the hands of Wilks.

70. Burton was displeased with Plaintiff for reporting Wilks' behavior and intentionally allowed Wilks' behavior to continue.

71. McClendon also knew of Burton's and Wilks' actions and did nothing to address or correct them.

72. The conduct of Defendants was so extreme and outrageous that is exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

73. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

74. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

75. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR AN FIFTH CAUSE OF ACTION
ASSAULT

76. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

77. Defendant Wilks, in his individual capacity and as an agent for Defendant, engaged in conduct that placed Plaintiff in reasonable fear of bodily harm. This conduct included, but is not

limited to, Wilks telling Plaintiff he would "fuck the shit out of [Plaintiff]," he would "stick his mandingo up in [Plaintiff]", and other threats of sexual violence.

78.    Such further assault occurred when Burton, as an agent of Defendant, placed Plaintiff in reasonable fear of bodily harm by intentionally scheduling Plaintiff to work with Wilks knowing he planned on engaging in sexual battery of Plaintiff with such frequency that Plaintiff feared she would be the victim of a battery in the form of unwanted physical touching.

79.    There are instances where Plaintiff was assaulted by Wilks while Plaintiff was physically located on Hotel property and at times when Plaintiff was "clocked in." There are also instances where the assault occurred on the premises when Plaintiff was not working or "clocked in" (immediately before or after work).

80.    As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

81.    Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

82.    Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

## FOR A SIXTH CAUSE OF ACTION
## BATTERY

83.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

84.     Defendant Wilks, in his individual capacity and as an agent for Defendant, forced himself on, and made unwanted physical contact with, Plaintiff's body.

85.     Such contact occurred while Plaintiff was physically located on Hotel property and was made with the intention of bringing about harmful and offensive contact with Plaintiff's body, including, but not linted to her face, neck, hair, shoulders, hips, buttocks, legs, waist and arms.

86.     There are instances where battery described above occurred while Plaintiff was physically located on Hotel property and at times when Plaintiff was "clocked in." There are also instances where the battery occurred on the premises when Plaintiff was not working or "clocked in" (immediately before or after work).

87.     As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

88.      Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages,

income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the costs and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

                         RESPECTFULLY SUBMITTED,

                         **FERGUSON LAW AND MEDIATION, LLC**

/s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
171 Church Street, Suite 160
Charleston, South Carolina 29414
(843) 491-4890 telephone
emmanuel@fergusonlaborlaw.com
*Attorney for Plaintiff*

October 21, 2024
Charleston, South Carolina